UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WARREN BURCH, individually and on behalf of all others similarly situated,

Plaintiff,

v.

WHIRLPOOL CORPORATION,

Defendant.

Case No.: 1:17-cv-00018

Hon. Paul L. Maloney

**ORDER GRANTING FINAL APPROVAL OF
CLASS ACTION SETTLEMENT**

Plaintiffs Warren Burch, James Bodley, Kyle Matson, and Ronald McCallum ("Plaintiffs") and Defendant Whirlpool Corporation ("Whirlpool") have entered into a Class Action Settlement Agreement ("Settlement Agreement" or "Agreement") to settle *Burch v. Whirlpool Corp.*, Case No. 1:17-cv-00018, and *Bodley et al. v. Whirlpool Corp.*, Case No. 1:18-cv-00594 ("Lawsuits"). Plaintiffs and Whirlpool (collectively, "Parties") previously submitted the Settlement Agreement to this Court for preliminary approval of that class action settlement (the "Settlement").[1]

On May 15, 2019, this Court entered an Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"), which included provisional certification of a nationwide settlement class ("Settlement Class"). Now, the matter having come before the Court for hearing on October 15, 2019, on the Parties' request for entry of an order granting final

---

[1] The Court adopts all definitions contained in the Settlement Agreement.

approval of the proposed Settlement and for entry of final judgment in this matter, the Court FINDS, CONCLUDES, AND ADJUDGES as follows:

**I.      JURISDICTION OF THE COURT**

The Parties and the members of the nationwide Settlement Class ("Settlement Class Members") have submitted to the jurisdiction of this Court for purposes of the Settlement; the Court has personal jurisdiction over the Parties and the Settlement Class Members; the Court has subject matter jurisdiction to release all claims and causes of action released in the Settlement; and the Court has subject matter jurisdiction to approve the Settlement.

**II.     CERTIFICATION OF THE SETTLEMENT CLASS**

In the Preliminary Approval Order, this Court granted conditional class certification to the Settlement Class, defined as follows:

> All persons in the United States and its territories who (i) purchased a new Class Dishwasher, (ii) acquired a Class Dishwasher as part of the purchase of a home, residence, or structure, or (iii) received as a gift, from a donor meeting those requirements, a new Class Dishwasher not used by the donor or by anyone else after the donor purchased the Class Dishwasher.
>
> * * *
>
> "Class Dishwasher" means a Whirlpool-manufactured, KitchenAid-brand dishwasher manufactured with a Plastic Premium Adjuster in combination with a V-Rail System between October 2010 and the Notice Date.

The Court found and concluded that the Settlement Class satisfied all the requirements of due process and other applicable federal law and made several specific decisions relating to the Settlement Class. First, the Court appointed R. Brent Irby and Edward Wallace as Lead Class Counsel for the Settlement Class, and the Court also appointed Nathan Carpenter and Rebecca Bell-Stanton as Class Counsel for the Settlement Class. Second, the Court appointed Plaintiffs Warren Burch, James Bodley, Kyle Matson, and Ronald McCallum as class representatives ("Class Representatives"). Third, the Court appointed Epiq as Settlement Administrator.

Having considered all submissions timely filed with the Court pursuant to the Preliminary Approval Order, the Court now finds and concludes that those provisional findings and conclusions should be, and hereby are, confirmed in all respects as a final class certification order under Federal Rule of Civil Procedure 23 for the purposes of implementing the nationwide class action settlement provided for in the Settlement Agreement and entering final judgment in this action.

### III.   NOTICE

The Preliminary Approval Order approved (1) the form and content of settlement notices to be mailed, emailed, and published to members of the Settlement Class (the "Settlement Notices"); (2) the form and content of the Claim Form; (3) the content of the Settlement Website, with the FAQ and other information and documents that the Parties jointly agreed to post concerning the nature of the case and status of the Settlement; and (4) the plan specified in the Settlement Agreement for distributing and publishing the Settlement Notices.

The Settlement Notices, Claim Form, and Settlement Website fairly, accurately, and reasonably informed members of the Settlement Class of (1) appropriate information about the nature of this litigation and the essential terms of the Settlement Agreement; (2) appropriate information about, and means for obtaining, additional information regarding this litigation and the Settlement Agreement; (3) appropriate information about, and means for obtaining and submitting, a Claim Form; (4) appropriate information about the right of members of the Settlement Class to exclude themselves from the Settlement, object to the terms of the Settlement Agreement, or object to Class Counsel's request for an award of attorney fees and costs, and the procedures to do so; and (5) appropriate information about the consequences of failing to submit a Claim Form or failing to comply with the procedures and deadline for opting out of, or objecting to, the Settlement.

Based on the foregoing, the Court hereby finds and concludes that members of the Settlement Class have been provided the best notice practicable of the Settlement and that such notice satisfies all requirements of federal and applicable state laws and due process. The Court also finds that notice to appropriate federal and state officials pursuant to the federal Class Action Fairness Act has been timely sent and that such notice satisfies the requirements of the federal Class Action Fairness Act, 28 U.S.C. § 1715.

## IV. FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

In the Preliminary Approval Order, the Court found that the Settlement Agreement appeared to be fair, reasonable, and adequate and fell within the appropriate range of possible approval. In essence, the Settlement provides for both retroactive relief and prospective relief encompassing the various circumstances of Class Dishwasher owners, depending on the nature of the injury:

- For Settlement Class Members who incurred past damages by paying out-of-pocket for a repair of their upper rack adjuster, they can make a claim to receive a 100% cash reimbursement of documented repair costs. Settlement Class Members who cannot document repair costs may submit a signed declaration attesting to such repairs and payments and receive a cash payment ranging from $15 to $90 depending on the type of repair received; or, at their election, rebates ranging from 15% to 25% off the purchase price of certain new KitchenAid-brand appliances, including a 25% rebate on KitchenAid-brand dishwashers.

- For Settlement Class Members whose dishwasher still contains the plastic rack upper adjuster at issue, on a going-forward basis they can make a claim for a free stainless steel replacement rack adjuster kit and free installation should they incur a failure within twelve (12) months of receiving class notice. For months thirteen (13) to twenty-four (24) following class notice, and regardless of whether they incur an axle failure or not, these Settlement Class Members can elect to make a claim for a free stainless steel replacement rack adjuster kit, or a $15 cash payment, or rebates ranging from 10% to 30% on the purchase price of a KitchenAid-brand stand mixer or blender.

- Settlement Class Members who previously received a free repair of their dishwasher with the stainless steel replacement adjuster are eligible to receive a 15% rebate on the purchase of a KitchenAid-brand stand mixer.

Having considered (1) the defenses asserted by Whirlpool and the dismissal of several claims already; (2) the risks to the members of the Settlement Class that Whirlpool would continue to successfully defend against claims arising out of the facts and legal theories pled and asserted in this case, whether litigated by members of the Settlement Class themselves or on their behalf in a class action; (3) the length of time that would be required for members of the Settlement Class, or any group of members of the Settlement Class, to obtain a final judgment through one or more additional trials and appeals; (4) the length and complexity of continued litigation; (5) the experience and views of Class Counsel and Whirlpool's counsel; and (6) the number of members of the Settlement Class who have elected to be excluded from the Settlement, the Court finds the Settlement to be fair, reasonable, and adequate.

Moreover, the Court finds that the Settlement is the result of extended, arm's length negotiations among experienced counsel, including with the aid of an independent mediator, and is noncollusive. In consideration of the foregoing, the Court grants final approval of the Settlement Agreement and enters this Final Order and Judgment implementing its terms, including but not limited to the releases in the Settlement Agreement. All timely objections filed by members of the Settlement Class have been considered by the Court and are hereby overruled. The Court finds that the Settlement Agreement is in all respects fair, reasonable, adequate, and in the best interest of the Settlement Class and hereby adopts and incorporates the terms of the Settlement Agreement for purposes of this Final Order and Judgment, including the definitions set forth in the Agreement. The Parties are directed to consummate the Settlement Agreement in accordance with its terms.

## V. ATTORNEY FEES, COSTS, AND SERVICE AWARDS FOR THE CLASS REPRESENTATIVES

In accordance with the Settlement Agreement and this Court's Preliminary Approval Order, Lead Class Counsel filed "Plaintiffs' Unopposed Motion for an Award of Attorneys' Fees and Reimbursement of Expenses, and for Class Representative Service Awards and Memorandum of Law in Support," and Class Counsel filed "Plaintiffs' Supplemental Motion for Approval of Service Awards, Award of Attorneys' Fees and Request for Reimbursement of Litigation Expenses and Brief in Support Thereof" (collectively, "Plaintiffs' Motions for Attorney Fees and Costs"). Lead Class Counsel requests $715,000 in attorney fees and $28,000 for reimbursement of litigation expenses (for a total amount of $743,000, inclusive of attorney fees and costs). Class Counsel requests $400,000, inclusive of attorney fees and litigation expenses. Lead Class Counsel and Class Counsel request service awards to the Class Representatives of $2,500 each.

Having reviewed Plaintiffs' Motions for Attorney Fees and Costs, the documentary support submitted with them, and the applicable authorities, the Court finds that Plaintiffs' requested attorney fees and costs are reasonable under the circumstances in light of the following factors: (1) the value of the benefit rendered to the Settlement Class Members; (2) the value of the services on an hourly basis; (3) the fact that the services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides. *See Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1197 (6th Cir. 1974). Accordingly, the Court hereby awards reasonable attorney fees and costs to Lead Class Counsel in the amount of $743,000, and the Court hereby awards reasonable

6

attorney fees and costs to Class Counsel in the amount of $400,000. In addition, the Court hereby awards service payments in the amount of $2,500 to each Class Representative.

## VI. EXCLUSIONS FROM THE SETTLEMENT CLASS

The Settlement Administrator has received, from certain members of the Settlement Class, requests for exclusion from the Settlement Class and has provided Class Counsel and Whirlpool's counsel copies of those requests. Class Counsel and Whirlpool's counsel have jointly filed with the Court a list of those persons who have timely elected to be excluded. All persons named in the list on file with the Court as having filed timely exclusions with the Settlement Administrator are hereby excluded from the Settlement Class and will not be bound by the terms of the Settlement. Each individual or entity that falls within the definition of the Settlement Class shall be bound by the terms of the Settlement.

## VII. IMPLEMENTATION OF SETTLEMENT

Consistent with the Settlement Agreement, Whirlpool shall make the payments described in the Settlement Agreement, including, without limitation, payment to each Class Member who files a Valid Claim for cash reimbursement, cash payment, or rebate amount, pursuant to applicable terms and documentation requirements set forth in the Settlement Agreement. The Parties shall carry out their respective obligations as stated in the Settlement Agreement.

## VIII. RELEASE, COVENANT NOT TO SUE, AND EFFECT OF SETTLEMENT

### A. Release

In consideration of the terms of the Settlement Agreement, as to Plaintiffs and Settlement Class Members, they are hereby found, deemed, and adjudged to have fully, finally, and forever released and discharged Releasees from all manner of claims, actions, causes of action, administrative claims, demands, debts, damages, costs, attorney fees, obligations, judgments, expenses, or liabilities for economic loss, in law or in equity, whether now known or unknown,

7

contingent or absolute, including all claims that Plaintiffs or Settlement Class Members now have or, absent the Settlement Agreement, may in the future have had, against Releasees, by reason of any act, omission, harm, matter, cause, or event whatsoever that has occurred from the beginning of time up to and including the Effective Date of the Settlement Agreement and that arise from or relate to any of the defects, malfunctions, or inadequacies of the Class Dishwashers that are alleged or could have been alleged in the Lawsuits relating to the rack adjusters, or to any act, omission, damage, matter, cause, or event whatsoever arising out of the initiation, defense, or settlement of the Lawsuits or the claims or defenses asserted in the Lawsuits, including without limitation all claims for out-of-pocket expense, diminution-in-value, benefit-of-the-bargain, cost-of-repair, cost-of-replacement, or premium-price damages.

This release, however, will not extinguish, and the Released Claims do not include, claims for personal injury or for damage to property other than to the Class Dishwasher itself. Plaintiffs and Settlement Class Members have waived and relinquished all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code and of all similar laws of other States, to the fullest extent that they may lawfully waive such rights or benefits pertaining to their released claims.

    **B.**    **Covenant Not to Sue**

In consideration of the terms of the Settlement Agreement, all Settlement Class Members, including Plaintiffs, are hereby found, deemed, and adjudged to have (i) covenanted and agreed that neither Plaintiffs nor any of the Settlement Class Members, nor anyone authorized to act on behalf of any of them, will commence, authorize, or accept any benefit from any judicial or administrative action or proceeding, other than as expressly provided for in the Settlement Agreement, against Releasees, or any of them, in either their personal or corporate capacity, with respect to any claim, matter, or issue that in any way arises from, is based on, or relates to any

alleged loss, harm, or damages allegedly caused by Releasees, or any of them, in connection with the Released Claims; (ii) waive and disclaim any right to any form of recovery, compensation, or other remedy in any such action or proceeding brought by or on behalf of any of them; and (iii) agree that the Settlement Agreement and this Final Order and Judgment shall be a complete bar to any such action.

### C. Settlement Agreement as Exclusive Remedy for Released Claims

Upon entry of this Final Order and Judgment, enforcement of the Settlement Agreement shall be the exclusive remedy for all members of the Settlement Class, including Plaintiffs, all of whom are hereby permanently barred and enjoined from instituting, commencing, prosecuting or continuing to prosecute, either directly or indirectly, any of the Released Claims. Settlement Class Members who are prosecuting or asserting any of the Released Claims are ordered to take whatever measures necessary to effectuate dismissal of their claims.

### D. Effect of a Final Judicial Determination of Invalidity or Unenforceability

If, after entry of this Final Order and Judgment by the Court, a notice of appeal of this Final Order and Judgment is timely filed by any party, objector, claimant, or other person or entity, and if an appellate court makes a final determination that this Final Order and Judgment is in any respect invalid, contrary to law, or unenforceable (except for such determinations that are limited to the attorney fees, costs, or incentive awards), this Order shall be automatically vacated, the Settlement Agreement shall be null and void, and Whirlpool may fully contest certification of any class as if no Settlement Class had been certified. In addition, the Parties shall return to their respective positions in the Lawsuits as they existed immediately before the Parties executed the Settlement Agreement, and nothing stated herein or in the Settlement Agreement shall be deemed an admission or waiver of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

**IX.   NO ADMISSION OF LIABILITY**

The Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. Nothing contained in the Settlement Agreement, any documents relating to the Settlement, the Preliminary Approval Order, or this Final Order and Judgment shall be construed, deemed, or offered as an admission by any of the Parties or any member of the Settlement Class for any purpose in any judicial or administrative action or proceeding of any kind, whether in law or equity. In entering this Final Order and Judgment with this provision and other limiting provisions, this Court specifically refers to and invokes the Full Faith and Credit Clause of the United States Constitution and the doctrine of comity and requests that any court in any other jurisdiction reviewing, construing, or applying this Final Order and Judgment implement and enforce such limiting provision.

**X.   ENTRY OF FINAL JUDGMENT**

The Court hereby dismisses with prejudice all claims alleged in the Lawsuits. The Court further orders the entry of, and enters, this Final Order and Judgment on all claims, counts, and causes of action alleged in this action by Plaintiffs, on behalf of themselves, the Settlement Class, or both. In entering this Final Order and Judgment, this Court specifically refers to and invokes the Full Faith and Credit Clause of the United States Constitution and the doctrine of comity, and requests that any court in any other jurisdiction reviewing, construing, or applying this Final Order and Judgment implement and enforce its terms in their entirety. Without affecting the finality of this Final Order and Judgment in any way, this Court hereby reserves jurisdiction over (1) implementation of this Settlement and this action; (2) all matters related to the administration and consummation of the Settlement; and (3) all Parties to this action for the purpose of implementing, enforcing, and monitoring compliance with, effectuating,

administering, and interpreting the provisions of the Settlement Agreement and this Final Order and Judgment.

    IT IS SO ORDERED.


Dated: October 16, 2019                /s/ Paul L. Maloney  
                                                     Hon. Paul L. Maloney  
                                                   U.S. District Court Judge